## John B. Horner and another v. Thomas Biggam.

*Township drain commissioner: Appeals: Statute construed.* Under the statute (*Comp. L. 1871, § 1793*) providing for an appeal to a justice of the peace from the action of the township drain commissioner, it is not every act or omission of the commissioner from which an appeal can be taken.

*Certiorari: Township drain commissioner: Appeal: Jurisdiction.* On *certiorari* to review proceedings on such appeal, the record not identifying any act of the commissioner as appealable, except it be action of which

the finding of the jury is by the statute (*S. L. 1875, p. 170, § 1782*) made *prima facie* evidence, and the appeal having been taken more than a month after the action of the jury, the time fixed by the statute within which an appeal may be taken being ten days only, it was held the appeal was without jurisdiction.

*Township drain commissioner: Jury: Appeal: Time.* The action of the commissioner upon the application to establish a drain being required under the statute to be taken before he issues a venire, an appeal complaining of the action of the commissioner in locating and establishing the drain, and which is not taken within ten days after the finding of the jury, must identify some subsequent action of the commissioner to which the appeal is applicable.

*Unauthorized appeal: Affirmance: Certiorari: Errors that do not prejudice.* The appeal being unauthorized, and the action had by virtue of it being nugatory, the judgment of affirmance of the original proceedings, which had by lapse of time become under the statute final and unappealable, could work no injury to the appellants, and will not be disturbed on *certiorari* on their behalf.

*Submitted on briefs April 5. Decided April 17.*

*Certiorari* to Justice of the Peace.

*Joslin & Whitman,* for plaintiffs in *certiorari.*

*Albert Crane,* for defendant in *certiorari.*

CAMPBELL, J:

This is a *certiorari* to review the proceedings had on appeal to a justice of the peace in Van Buren township, Wayne county, from the action of a township drain commissioner establishing a ditch. The plaintiffs in this case were the appellants, and were defeated on their appeal, and they now complain of the affirmance of the commissioner's action.

On looking into the record we have been unable to find any evidence of a valid appeal, or to ascertain what particular action of the commissioner is supposed to have been appealed from.

The statute *(C. L., § 1793)* provides that any person aggrieved by the action of a drain commissioner "in locating and establishing any ditch, drain or water-course, or in refusing to locate and establish any ditch, drain or water-course, or to act when applied to for that purpose, may

appeal to a justice of the peace of any township where such ditch or drain or any part thereof is situated, within ten days after the act complained of was done," etc.

It is not every act or omission of the commissioner from which an appeal can be taken. In the present case, the appeal claimed was from the determination of the commissioner in locating and establishing the ditch.

The statute contemplates the location and establishment of a ditch in advance of any apportionment of its expense on the lands benefited.—*C. L.,* § *1783, as amended in 1875, L. 1875, p. 170.*

By § *1782* the commissioner is required under certain circumstances to summon a jury to pass upon the necessity of the work and assess damages. But he generally determines this himself. The determination of this jury is made "*prima facie* evidence of the establishment or location of such water-course, ditch or drain." There is no need of a jury except where lands cannot be had by voluntary cession.

In the present case the action of the jury was dated August 2, 1876, and the claim of appeal was not made until September 8, 1876. The action of the commissioner must have preceded this, as he issued the venire, and as no subsequent action of any kind is shown. If it did not precede the verdict, then there is nowhere in the record any reference whatever to any act of his in locating or establishing the ditch; and it would be somewhat unprofitable for us to attempt to determine the correctness of any proceeding until it is identified and shown to have been seasonably appealed from.

There is either no action identified as appealable, or it is that action of which law makes the finding of the jury *prima facie* evidence. This having occurred more than a month before the appeal was claimed, there was nothing for the justice to take jurisdiction of. As the proceedings were affirmed, no harm was done by the appeal, but the defeated appellants cannot ask relief on this writ, if they

had no valid appeal. If the justice was wrong in receiving the appeal, it would have been a more serious wrong to have reversed proceedings over which he had no legal control.

The action of the justice being entirely nugatory, and having done no harm to the plaintiffs in *certiorari*, the writ will be dismissed, with costs. There are some important questions concerning the proper remedies in such cases, which on this record we cannot discuss.

The other Justices concurred.